UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TALOS ENERGY LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| SANARE ENERGY PARTNERS, LLC | § | |
| | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Talos Energy LLC ("Talos" or "Plaintiff") files this Original Complaint Against Sanare Energy Partners, LLC ("Sanare" or "Defendant") and in support thereof, would respectfully show the Court the following:

### I.    PARTIES

1.    Plaintiff Talos Energy LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 333 Clay Street, Suite 3300, Houston, Texas 77002.

2.    Defendant Sanare Energy Partners, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 777 North Eldridge Parkway, Suite 300, Houston, Texas 77079. Sanare may be served with process by serving its registered agent for service in Texas, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th St. Suite 620, Austin, Texas 78701-3218.

1

## II.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action under the Outer Continental Shelf Lands Act ("OCSLA").  43 U.S.C. § 1349(b)(1).

4.    Venue is proper because it is the judicial district in which Sanare resides.  43 U.S.C. § 1349(b)(1).

5.    The Court has personal jurisdiction over Defendant because Sanare's principal place of business is in Texas, its breaches of contract occurred in Texas, and it caused injury to Talos in Texas.

## III.    FACTUAL BACKGROUND

6.    This is a simple breach of contract case concerning a straightforward two-page payment plan agreement. Sanare owed Talos more than $734,000. Rather than sue immediately, Talos extended Sanare the courtesy of a payment plan—a path forward that Sanare itself proposed. Sanare and Talos signed that plan, creating a binding contract. Sanare made three token payments under the contract, and then stopped paying altogether. The contract is unambiguous. Sanare's breach is undeniable. Talos has been damaged. Sanare has no viable defenses.

7.    Talos is an Exploration and Production company that operates numerous offshore oil and gas properties, including East Cameron 359 A016 ("EC 359"). Sanare is a non-operating partner in EC 359. As a non-operator, Sanare owes Talos its proportionate share of operating expenses. That obligation is not discretionary. It is contractual.

2

8.    Sanare failed, month after month, to pay its full share of EC 359 expenses. Sanare's unpaid balance grew to at least $734,012.88—reflecting amounts owed through the June 4, 2025 invoice (Invoice No. 68372).

9.    Talos could have filed suit then. It did not. Instead, Talos agreed to a payment plan—negotiated in October 2025—that would allow Sanare to retire its debt in monthly installments rather than face immediate litigation. On October 30, 2025, Talos sent Sanare a letter memorializing the parties' agreement to a binding payment plan (the "Payment Plan"). The Payment Plan reflected Talos's acceptance of Sanare's own proposed payment schedule. Sanare signed the contract on November 3, 2025.

10.    Under the Payment Plan, Talos agreed to offset $138,426.04 in amounts Talos owed Sanare for an unrelated property, leaving a net balance owed by Sanare to Talos of $619,560.08.

11.    Under the Payment Plan, Sanare agreed to pay the outstanding balance according to the following schedule:

| Payment Date | Payment Amount |
| --- | --- |
| October 31, 2025 | $10,000.00 |
| November 30, 2025 | $10,000.00 |
| December 31, 2025 | $13,960.28 |
| January 31, 2026 | $75,000.00 |
| February 28, 2026 | $75,000.00 |
| March 31, 2026 | $75,000.00 |
| April 30, 2026 | $75,000.00 |
| May 31, 2026 | $75,000.00 |

| June 30, 2026 | $75,000.00 |
|---|---|
| July 31, 2026 | $75,000.00 |
| August 31, 2026 | $60,599.80 |
| **Total** | **$619,560.08** |

12.  The Payment Plan expressly stated that it covered only EC 359 amounts through Invoice No. 68372 and that amounts in subsequent invoices remained owed in accordance with the terms of the invoices and applicable contracts.

13.  The Payment Plan also contained an express reservation of rights, providing that "Talos hereby reserves, and does not waive, any and all rights and remedies it may have, whether in law or in equity, including without limitation, any and all rights and remedies it may have pursuant to applicable contracts or any other rights available to Talos at law."

14.  Representatives from both parties signed the Payment Plan. The Payment Plan is a valid, binding, and enforceable contract.

15.  Sanare made three payments—$10,000 in October, $10,000 in November, and $13,960.28 in December—totaling $33,960.28. That is roughly five cents on the dollar. Then Sanare stopped paying.

16.  Sanare then failed to make its required payments over the next five months (January, February, March, April, and May 2026), which total $375,000. Each missed payment is a separate and independent breach of the Payment Plan.

17. On April 9, 2026, Talos sent a formal notice of breach, demanding payment of the three installments then overdue and warning that suit would follow if Sanare did not pay by April 17, 2026. Sanare refused to pay any of the overdue amounts. Instead, on April 20, 2026, Sanare responded with a letter proposing unilaterally to rewrite the very agreement it had signed less than six months earlier and already repeatedly breached—extending the schedule through December 2026, offsetting amounts it had no right to offset, and applying proposed cash call amounts against its Payment Plan obligations. In other words, Sanare's response to being caught in breach was to ask for a better deal.

18. After watching Sanare breach the contract the parties had just recently agreed to that gave Sanare a significant reprieve to pay its debt, Talos rejected Sanare's new proposals to kick the can further down the road. No modification. No extension. No unilateral reduction of obligations. As Talos explained: "Given Sanare's failure to meet its current contractual obligations, Talos has no confidence that Sanare would honor a revised payment plan." Talos demanded immediate payment or explained it would be forced to file suit.

19. Sanare did not pay, and has not paid a dime under the Payment Plan since December 2025. This lawsuit is the consequence.

## IV.    CAUSE OF ACTION – SUIT ON SWORN ACCOUNT

20. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

21. The Payment Plan constitutes a systematic record of transactions

between Talos and Sanare giving rise to a debt owed by Sanare to Talos. Talos, as operator of EC 359, incurred expenses on behalf of the joint interest owners, including Sanare, and invoiced Sanare for its proportionate share of those expenses. Sanare failed to pay those invoices. To allow Sanare additional time to pay what it agreed was owed to Talos, the parties reduced the resulting debt to a written Payment Plan setting forth the specific amounts and dates on which Sanare was obligated to pay.

22.    The amount owed by Sanare to Talos under the Payment Plan is $619,560.08, less $119,541.46 comprising additional amounts billed to Sanare, amounts due to Sanare that Talos has offset from the balance owed, and amounts Sanare paid under the first three installments, or $500,018.62. This amount is just, due, and unpaid.

23.    Attached hereto as **Exhibit A** and incorporated herein by reference is the Payment Plan, which, together with the verification attached hereto, constitutes a systematic account of the transactions between the parties and the amounts owed. Pursuant to Texas Rule of Civil Procedure 185, this account is supported by the declaration of a person with knowledge of the facts, and the account is therefore prima facie evidence of Talos's claim.

### V.    CAUSE OF ACTION – BREACH OF CONTRACT

24.    Talos incorporates the allegations in the preceding paragraphs as if fully set forth herein.

25.    The Payment Plan is a valid and enforceable contract between Talos and Sanare. The terms of the Payment Plan are clear and unambiguous: Sanare agreed to make specific payments on specific dates.

26.    Talos fully performed its obligations under the Payment Plan. Among other things, Talos credited $138,426.04 in amounts related to other properties against Sanare's EC 359 debt, accepted Sanare's proposed payment schedule despite its unfavorable backloading, and gave Sanare the time and opportunity to pay.

27.    Sanare breached the Payment Plan by failing to make the payments due on January 31, 2026, February 28, 2026, March 31, 2026, and April 30, 2026—and every payment that has come due thereafter. These breaches are not disputed. Sanare itself has acknowledged the outstanding balance and has never claimed to have made these payments.

28.    Sanare's breaches have caused Talos damages. As a direct and proximate result of Sanare's breaches, Talos has been damaged in an amount of at least $500,018.62, plus any additional amounts that have accrued under the Payment Plan and applicable contracts.

### VI.    DAMAGES

29.    As a result of Sanare's breaches of the Payment Plan, Talos has suffered and continues to suffer actual damages. Talos seeks recovery of:

a. All amounts outstanding under the Payment Plan;

b. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

7

c. Attorneys' fees, as provided by Texas Civil Practice and Remedies Code § 38.001;

d. Court costs; and

e. Such other and further relief to which Talos may be justly entitled.

## VII.    ATTORNEYS' FEES AND COSTS

30.    Talos has been required to retain undersigned counsel to prosecute this action and has agreed to pay its counsel a reasonable fee for their services. Pursuant to Texas Civil Practice and Remedies Code § 38.001, Talos is entitled to recover its reasonable and necessary attorneys' fees incurred in this breach of contract action. Talos presented this claim to Sanare and Sanare failed to tender payment within 30 days.

## VIII.  CONDITIONS PRECEDENT

31.    All conditions precedent have been met.

## IX.    DEMAND FOR JURY

32.    Plaintiff has demanded a jury trial and paid the appropriate fee.

## X.     PRAYER FOR RELIEF

WHEREFORE, Talos Energy LLC, prays for the following relief:

(1)  Actual damages in the amount of all outstanding amounts owed under the Payment Plan;

(2)  Pre-judgment interest at the maximum rate allowed by law;

(3)  Post-judgment interest at the rate provided by law;

(4)  Reasonable and necessary attorneys' fees through trial and, in the event of an appeal, through all levels of appellate review;

(5)  All costs of court; and

(6)  Such other and further relief, at law or in equity, to which Talos may be justly entitled.

Respectfully submitted,

**BECK REDDEN, LLP**

By: */s/ Alex B. Roberts*
    Alex B. Roberts
    State Bar No. 24056216
    aroberts@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF TALOS ENERGY LLC**

## VERIFICATION

| STATE OF TEXAS | § |
| COUNTY OF HARRIS | § |

STATE OF TEXAS          §
         §
COUNTY OF HARRIS       §

BEFORE ME, the undersigned notary public, on this 10 day of June, 2026, personally appeared Gregory Babcock, who, being duly sworn, states under oath the following:

1. "My name is Gregory Babcock. I am over the age of eighteen (18) years, am of sound mind, and am fully competent to make this verification. I have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am the Vice President and Chief Accounting Officer for Talos Production Inc., Talos ERT LLC, and Talos Energy LLC (collectively, "Talos"). In that capacity, I am the authorized representative of Talos with respect to the matters described in this Complaint and the custodian and keeper of the business records pertaining to the account between Talos Energy LLC and Sanare Energy Partners.

3. I have reviewed the account that is the subject of Plaintiff's Original Complaint filed in the above-referenced cause. The account is a systematic record of the transactions between Talos Energy LLC, as Plaintiff, and Sanare Energy Partners, as Defendant, giving rise to the indebtedness described in the Complaint.

4. The total amount owed by Sanare Energy Partners to Talos Energy LLC under the Payment Plan executed on or about October 30, 2025 was $619,560.08. A true and correct copy of the parties' October 30, 2025 Payment Plan is attached as **Exhibit A**. Sanare Energy Partners made payments totaling $33,960.28 under the Payment Plan. An additional $23,095.86 was subsequently billed to Sanare reflecting costs associated with abandonment activities at East Cameron Block 359. And an additional $108,677.04 has been offset from amounts due to Sanare for work on unrelated properties, leaving a remaining balance of $500,018.62, plus any additional amounts that have accrued under the Payment Plan and applicable contracts.

5. The claim described in the Complaint is, within my knowledge, just and true, and the amount claimed is due and owing to Talos Energy LLC by Sanare Energy Partners. All just and lawful offsets, payments, and credits known to me have been allowed."

10



Gregory Babcock
Vice President and Chief Accounting
Officer Talos Production Inc., Talos ERT
LLC, and Talos Energy LLC

SWORN TO AND SUBSCRIBED before me on this 10 day of June, 2026.



EMILY JOHNSON
Notary ID #130272523
My Commission Expires
June 28, 2027

_____
Notary Public, State of Texas

My Commission Expires: June 28, 2027

11